**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                     **CASE NO: 6:16-cr-3-Orl-28DAB**

**HAMID MOHAMED AHMED ALI REHAIF**

_____

## ORDER

Defendant Hamid Mohamed Ahmed Ali Rehaif is charged in a two-count Indictment with knowingly possessing a firearm and ammunition affecting state and foreign commerce while being an alien illegally and unlawfully in the United States, both in violation of 18 U.S.C. § 922(g)(5)(A). (Doc. 13). In preparation for a jury trial set to begin on Monday, May 16, 2016, the parties filed Motions in Limine (Docs. 47 & 57) and Proposed Jury Instructions (Doc. 53), and Rehaif filed a Motion to Replace Defense Proposed Jury Instruction No. 10 (Doc. 61). The parties presented argument on the issues raised in their motions at a hearing held on May 11, 2016. (Doc. 62).

The parties agreed upon a substantial portion of the issues raised in Rehaif's Motion in Limine (Doc. 57), and to that extent that motion was granted as stated orally on the record. The rest of Rehaif's motion was ruled upon as stated orally on the record. The parties also agreed on part of the United States' Motions in Limine (Doc. 47). I will now address the issues in the United States' Motions in Limine that were left unresolved.

**I.   Motions in Limine**

The United States' Motions in Limine (Doc. 47) address two issues. First, the United States seeks to exclude the expert testimony of John Gihon, who will opine that "Defendant

is not now and has never been illegally and unlawfully present in the United States for the purposes of 18 U.S.C. § 922(g)(5)(A)." (Doc. 47 at 1 (footnote and internal quotations omitted)). Rehaif does not object to the extent the United States seeks to prevent his expert from testifying. (Doc. 51). However, the parties disagree as to the central question of how to instruct the jury on what it means to be "illegally and unlawfully in the United States" under 18 U.S.C. § 922(g)(5)(A). I find that, consistent with decisions of the Tenth and Fifth Circuit Courts of Appeals, that

> an alien who is only permitted to remain in the United States for the duration of his or her status (as a student, for example) becomes "illegally or unlawfully in the United States" for purposes of § 922(g)(5)(A) upon commission of a status violation. [The Court will] look to the date of the status violation to determine when the alien's presence became unauthorized, not to when that violation is recognized by official decree.

United States v. Atandi, 376 F.3d 1186, 1188 (10th Cir. 2004); see also id. at 1190 ("[W]e hold that the government can show that [the defendant] was illegally or unlawfully present in this country as of May 2002 because he had been unauthorized to be here as a student but failed to satisfy the conditions of his student status."); accord United States v. Elrawy, 448 F.3d 309, 313 (5th Cir. 2006) ("[Defendant] acquired illegal or unlawful status when he remained in the United States after the expiration of [his] authorized stay . . . ."). The United States' motion is due to be granted, and the jury will be instructed consistent with this ruling.

The United States also seeks to prevent Rehaif from introducing evidence that he had a hunting license at the time of his arrest. A defendant charged under § 922(g)(5)(B) may present as a defense that he or she "is in possession of a hunting license or permit lawfully issued in the United States." 18 U.S.C. § 922(y)(2)(A). Here, however, Rehaif is charged under § 922(g)(5)(A), which offers no hunting license exception, and evidence of

Rehaif possessing a hunting license is therefore not relevant.[1] See United States v. Mirza, 454 F. App'x 249, 259 (5th Cir. 2011) (finding that the hunting license exception was unavailable to a defendant charged with violating § 922(g)(5)(A)). Additionally, § 922(g)(5)(A) does not require specific intent—that is, the Government does not need to prove that Rehaif knew it was illegal to possess a firearm. United States v. Jackson, 120 F.3d 1226, 1229 (11th Cir. 1997) (noting that "knowledge of a legal obligation is not an element of 18 U.S.C. § 922(g)"); Mirza, 454 F. App'x at 259 ("[T]he term 'knowingly' as used in the [statute] does not require knowledge that his possession of weapons was illegal. Rather, unless the [language of a statute] dictates a different result, 'the term "knowingly" merely requires proof of knowledge of the facts that constitute the offense,' not knowledge of the legal import of those facts." (quoting Bryan v. United States, 524 U.S. 184, 191–93 (1998))). The United States' motion is due to be granted.

It is **ORDERED** and **ADJUDGED** that

1. The United States' Motions in Limine (Doc. 47) are **GRANTED**.

2. Defendant's Motion in Limine (Doc. 57) is **GRANTED** in part and **DENIED** in part as I stated orally on the record during the May 11 hearing.

---

[1] Rehaif argues that he is more appropriately charged under § 922(g)(5)(B) as an alien who had been admitted to the United States under a non-immigrant visa. This argument fails because "only aliens who were admitted to the United States on a non-immigrant visa and maintain *lawful* 'non-immigrant' status can be prosecuted under §922(g)(5)(B). Aliens no longer in lawful non-immigrant status . . . can be prosecuted under § 922(g)(5)(A) if they purchased the gun after they acquired unlawful status." Elrawy, 448 F.3d at 316 (emphasis in original). The two provisions of the statute are mutually exclusive of one another. Id. ("Aliens 'illegally or unlawfully' in the United States are prohibited from possessing firearms under § 992(g)(5)(A), but aliens admitted on nonimmigrant visas (and hence not illegally or unlawfully in the United States) are prohibited from possessing firearms under § 922(g)(5)(B)."). Rehaif is charged under § 922(g)(5)(A) as an alien who did not maintain lawful non-immigrant status, and thus the hunting license exception does not apply.

3

3. Defendant's Motion to Replace Defense Proposed Jury Instruction No. 10 (Doc. 61) is **GRANTED**.

**DONE** and **ORDERED** in Orlando, Florida on May 12th, 2016.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Hamid Mohamed Ahmed Ali Rehaif