UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

V.                                                              CASE NO: 6:16-cr-3-Orl-28GJK

HAMID MOHAMED AHMED ALI
REHAIF

REPORT AND RECOMMENDATION

| | |
|---|---|
| MOTION: | MOTION FOR THE RETURN OF SEIZED PROPERTY (Doc. No. 115) |
| FILED: | March 6, 2017 |

**THEREON** it is **RECOMMENDED** that the application be **DENIED**.

## I.   FACTUAL BACKGROUND

On December 8, 2015, a local hotel contacted the Melbourne Police Department to report suspicious activities. Doc. No. 119 at 2. In the course of its investigation, the Melbourne Police Department contacted the Department of Homeland Security because it appeared Defendant may be in the United States illegally. *Id*. Federal law enforcement agents conducted an interview with Defendant, who admitted that he was in violation of his immigration status. Doc. No. 1 at 3. Defendant later consented to a search of his hotel room, his cellular phones, and a storage facility located in Palm Bay, Florida. Doc. No. 119 at 2-3. During their search of Defendant's hotel room and the storage facility, law enforcement recovered rounds of ammunition. *Id.* Defendant also admitted to firing a number of firearms at two different Florida gun ranges. Doc. No. 1 at 3. Defendant was later arrested.

On December 9, 2015, a criminal complaint was filed against Defendant for violation of 18 U.S.C. § 922(g)(5). Doc. No. 1 at 1. On January 6, 2016, a grand jury returned a two-count indictment charging Defendant for two separate violations of the aforementioned statute. Doc. No. 13. On May 18, 2016, a jury found Defendant guilty on both counts. Doc. No. 71. On August 31, 2016, U.S. District Judge John

Antoon II sentenced Defendant to eighteen months imprisonment. Doc. No. 85 at 2. On September 6, 2016, Defendant filed his notice of appeal. Doc. No. 87. Defendant's appeal is currently pending before the Eleventh Circuit Court of Appeals. Doc. No. 119 at 2.

On March 6, 2017, Plaintiff (proceeding *pro se* for the purposes of the motion) filed a motion requesting the return of property that was seized at the time of his arrest (the "Motion"). Doc. No. 115.[1] Specifically, Defendant requests the return of a United Arab Emirates passport and two cellular phones. Doc. No. 115 at 1. Defendant argues that Plaintiff does not have any lawful right to such property, and that the property will not be used as evidence in trial. *Id.* On March 28, 2017, Plaintiff filed a memorandum in opposition to the Motion (the "Response"). Doc. No. 119. In the Response, Plaintiff's central argument is that Defendant has failed to meet his burden under *Richey v. Smith*, 515 F.2d 1239 (5th Cir.1975), and the Court should decline to exercise its equitable jurisdiction over the Motion.[2] Plaintiff also argues that Defendant is not entitled to such relief because of unclean hands.[3] Doc. No. 119 at 6.

## II.    APPLICABLE LAW

Federal Rule of Criminal Procedure 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g) (emphasis added). Thus, a person who has been deprived of his or her property may move for the property's return under Federal Rule of Criminal Procedure 41(g). *Id.* Should a person move the court for such relief, the movant must provide evidence of any factual issue necessary for the Court to

---

[1] On September 15, 2016, U.S. Magistrate Judge David A. Baker granted Defendant's counsel's request to withdraw. Doc. No. 93. Judge Baker appointed a federal public defender for appellate purposes only. *Id.*
[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.
[3] The "clean hands" doctrine requires that a "party seeking equity shall have acted fairly and without fraud or deceit as to the controversy in issue." *Board of Regents of the University System of Georgia v. Buzas Baseball, Inc.*, 176 F.Supp. 2d 1338, 1348 (N.D. Ga. 2001) (citations omitted).

decide on the motion. *Id.* A motion for the return of property that is brought after district court criminal proceedings have terminated is treated as a civil action arising under the Court's equitable authority. *See United States v. Martinez*, 241 F.3d 1329, 1330–31 (11th Cir.2001) (holding that a district court has equitable jurisdiction over a motion to return property filed after criminal proceedings have terminated); *United States v. Castro*, 883 F.2d 1018, 1020 (11th Cir.1989) (explaining that Court's power to fashion an equitable remedy on a motion for return of property arises from the court's "anomalous jurisdiction").

The Eleventh Circuit has held that a court's exercise of such equitable jurisdiction should be limited. *Richey*, 515 F.2d at 1245; *In Re $67,470.00*, 901 F.2d 1540, 1544 (11th Cir.1990) ("The decision to invoke equitable jurisdiction is highly discretionary and must be exercised with caution and restraint"). In deciding whether to exercise its equitable jurisdiction under Rule 41(g), the Court must consider the following factors: 1) whether the federal agents displayed "a callous disregard for the constitutional rights" of the movant; 2) whether the movant has a possessory interest in the property and has need for it; 3) whether the movant would be irreparably injured without the return of the property; and 4) whether the movant has an adequate remedy at law. *Richey*, 515 F.2d at 1243–44 (5th Cir. 1975). In addition to these factors, the Court must consider "the basic equitable considerations of whether the petitioner's conduct and the merits of his position …to prevent manifest injustice." *In Re $67,470.00*, 901 F.2d at 1545. Thus, courts also consider such factors as whether the movant has clean hands before determining whether to exercise equitable jurisdiction over a Rule 41(g) motion. *See United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2003) (declining to invoke jurisdiction under Rule 41(g) where movant did not have clean hands).

### III. ANALYSIS

After considering the *Richey* factors, the undersigned finds that Defendant has not made a sufficient showing to warrant the Court's use of its equitable jurisdiction. With regard to the first *Richey* factor, Defendant has not shown "a callous disregard [of his] constitutional rights." *Richey*, 515 F.2d at 1243–44. With regard to his cellular phones, Defendant voluntarily relinquished them and consented to their search. Doc. No. 1 at 3-5; Doc. No. 119 at 4. It is well established that "[a] consensual search is constitutional if it is voluntary…[and] is the product of an essentially free and unconstrained choice." *United States v. Acosta*,

363 F.3d 1141, 1151 (11th Cir.2004) (citations and internal quotation marks omitted). With regard to his passport, it was seized incident to his arrest under 18 U.S.C. § 922(g)(5). Doc. No. 115 at 1 (noting that "at the time of the arrest[,] the following personal property was seized…"); Doc. No. 119 at 5. The Supreme Court has held that searches incident to a valid arrest are constitutional. *See U.S. v. Edwards,* 415 U.S. 800, 810, 94 S.Ct. 1234, 1240, 39 L.Ed.2d 771 (1974) ("It is, of course, well settled that the Fourth Amendment permits a warrantless search or seizure incident to a constitutionally valid custodial arrest"). Thus, because the Motion fails to provide any evidence as to how law enforcement disregarded his constitutional rights, the Motion fails to meet the first *Richey* factor.

The Motion also fails to meet the other three *Richey* factors. The Motion fails to show Defendant's need for the property. Defendant is currently incarcerated, and thus the undersigned finds Defendant has no urgent need to possess his passport and cellular phones. The Motion also lacks information as to how Defendant would suffer irreparable injury if his cellular phones and passport are not returned. The Fifth Circuit has held that "factor of irreparable injury encompasses such matters as whether the materials would lead to a criminal prosecution." *U.S. v. Chapman*, 559 F.2d 402, 407 (5th Cir. 1977). Here, Defendant has already been convicted of violating 18 U.S.C. § 922(g)(5). Doc. No. 71. Furthermore, Defendant has not presented any evidence showing that information on his cellular phones or his passport would lead to additional criminal charges. Finally, the Motion fails to show that Defendant does not have an adequate remedy at law.[4]

Based on the foregoing, it is **RECOMMENDED** that the Court **DENY** the Motion (Doc. No. 115).

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

---

[4] The Court also notes that because Defendant was convicted (and sentenced to imprisonment) for violating 18 U.S.C. § 922(g)(5), Defendant does not have clean hands with regard to his request.

Recommended in Orlando, Florida on April 4, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy