UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.   CASE NO. 6:16-cr-3-JA-DAB

HAMID MOHAMED AHMED ALI REHAIF

## ORDER

This case is before the Court after an evidentiary hearing on the Defendant's motion to dismiss the indictment on speedy-trial grounds (Doc. 153). (*See* Doc. 172). At the hearing, the Government argued for the first time that the Court should deny the motion based on the constructive flight theory of the fugitive disentitlement doctrine. *See United States v. Shalhoub*, 855 F.3d 1255, 1258–59, 1263 (11th Cir. 2017) (third alteration in original) (quoting *United States v. Barnette*, 129 F.3d 1179, 1184 (11th Cir. 1997)) (finding no clear abuse of discretion when the defendant "moved to allow his counsel to appear specially and seek dismissal of the indictment" on speedy-trial and other grounds and the district court denied the motion without prejudice "because, although [the defendant] was living abroad when indicted, [he] 'constructively fle[d] by not deciding to return' to the United States").

The Defendant objects to the Court's consideration of the fugitive disentitlement doctrine because the Government did not argue the doctrine in

its response to his motion. (*See* Doc. 158). However, "[c]ourts may apply the doctrine sua sponte, if appropriate," *Stansell v. Revolutionary Armed Forces of Colom.*, No. 19-20896-Civ, 2022 U.S. Dist. LEXIS 190552, at *8 (S.D. Fla. Oct. 18, 2022) (citing *F.D.I.C. v. Pharaon*, 178 F.3d 1159, 1163 n.6 (11th Cir. 1999)), because "the doctrine is an equitable one and rests upon the power of the courts to administer the federal courts system," *Pesin v. Rodriguez*, 244 F.3d 1250, 1252 (11th Cir. 2001) (citing *Ortega-Rodriguez v. United States*, 507 U.S. 234, 244 (1993)). Furthermore, "parties cannot waive the application of the correct law or stipulate to an incorrect legal test." *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 923 (11th Cir. 2018).

Accordingly, it is **ORDERED** that the Defendant's objection is **OVERRULED**. The Court will consider the fugitive disentitlement doctrine. **No later than March 28, 2024**, the Defendant may file a response to the Government's fugitive-disentitlement-doctrine argument.

**DONE** and **ORDERED** in Orlando, Florida, on March 14, 2024.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Hamid Mohamed Ahmed Ali Rehaif

2